IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:17-cr-00054

KENNETH FREDERICK STIER,

    Defendant.

MEMORANDUM OPINION AND ORDER

I.     Introduction

Pending before the court is the defendant's Motion to Seal Defendant Stier's Sentencing Memorandum [ECF No. 63]. For the reasons stated herein, the Motion is **DENIED**. The court **DIRECTS** the Clerk to **not** unseal the Sentencing Memorandum and the exhibits attached thereto. The court **ORDERS** that the defendant file an unsealed version of his sentencing memorandum and the exhibits attached thereto, with redactions in compliance with Local Rule of Criminal Procedure 49.1.1(a).

II.     Factual Background

On August 21, 2017, the defendant, Kenneth Frederick Stier, pleaded guilty to Distributing and Attempting to Distribute Child Pornography in violation of 18 U.S.C. §§ 2252A(1)(2), 2252A(b)(1). Written Plea of Guilty [ECF No. 48]. Thereafter, the court directed each party to file a sentencing memorandum "offer[ing] any

evidence or argument related to a requested sentence or sentencing range in light of *Gall v. United States*, 552 U.S. 38 (2007)." Order [ECF No. 50]. Both parties timely filed sentencing memoranda under seal, and motioned for the court to keep the memoranda under seal indefinitely. Mot. by U.S. to Seal [ECF No. 62]; Mot. Seal Def. Stier's Sent. Mem. [ECF No. 63]. The court has already denied the government's motion. Order [ECF No. 71].

In his motion, the defendant argues that the court should seal his sentencing memorandum and the exhibits attached thereto because they "reference confidential medical and personal family information, including information pertaining to a Child Protective Services investigation, not intended for public disclosure." Mot. Seal Def. Stier's Sent. Mem. 1. The exhibits include: a report describing the results of a polygraph examination the defendant took, a Child Protective Services assessment, a forensic psychological evaluation, and several other generic documents relating to child pornography that do not specifically relate to the defendant. *Id.*

On March 28, 2018, the defendant was sentenced to a term of 60 months imprisonment followed by a 20-year term of supervised release. J. [ECF No. 67]. This sentence was based, in part, on information it received from the parties' sentencing memoranda and the exhibits attached thereto.

III. Applicable Law

"Public access to the courts has long been a fundamental tenant of American democracy, helping to ensure that our system of justice functions fairly and that

2

citizens can observe the actions of their government." David S. Ardia, *Privacy and Court Records: Online Access and the Loss of Practical Obscurity*, 2017 U. Ill. L. Rev. 1385, 1387 (2017). Adhering to this ideology, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). There are many benefits in allowing the public to inspect court documents and attend court hearings. For example, it "fosters the important values of quality, honesty and respect for our legal system." *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). It also "curb[s] judicial abuses, and [] provide[s] the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Additionally, it allows the public to "judge the product of the courts in a given case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Id.* (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (citations omitted). Thus, "the common law does not provide as

3

much access to the press and public as does the First Amendment." *Id.* (quoting *In re State–Record Co.*, 917 F.2d 124, 127 (4th Cir. 1990)). Regardless of whether the right of access arises from the common law or the First Amendment, however, it may only be abrogated in "unusual circumstances." *Id.* at 576.

Under the common law, there is a presumption that the public has a right "to inspect and copy '*all* judicial records and documents.'" *Id.* at 575 (emphasis added) (quoting *Stone*, 855 F.2d at 180). This presumption "can [only] be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). When determining whether the presumption is rebutted, courts must apply a balancing test that weighs several factors "includ[ing] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253.

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180). If the First Amendment

4

provides a right of access to documents, then the "district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.* (quoting *Stone*, 855 F.2d at 180). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access." *Id.* (citing *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 15 (1986)).

When deciding whether to limit public access to documents, courts must first "'determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'" *Id.* at 576 (citations omitted). Then, the court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* This procedure "ensure[s] that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id.*

IV. Analysis

   a. First Amendment

Here, the defendant filed a motion to seal his sentencing memorandum and the exhibits attached thereto. Mot. Seal Def. Stier's Sent. Memo. The entire Motion reads:

> Comes now the defendant, Kenneth Frederick Stier, by counsel, Assistant Federal Public Defender George H. Lancaster, Jr., and moves this Honorable Court to seal Defendant Stier's Sentencing Memorandum and exhibits

5

> attached thereto, filed simultaneously herein, on the ground that the memorandum and exhibits, specifically Exhibits A, B, and C, reference confidential medical and personal family information, including information pertaining to a Child Protective Services investigation, not intended for public disclosure.

*Id.*

"[T]he First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). Accordingly, sentencing memoranda and the exhibits attached thereto are analyzed under the First Amendment's more stringent standard. Under the First Amendment, access to these documents "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Doe*, 749 F.3d at 266 (quoting *In re Wash. Post Co.*, 807 F.2d at 390). The defendant "must present specific reasons in support of [his] position." *Va. Dep't of State Police*, 386 F.3d at 575. "The First Amendment right of access cannot be overcome by [a] conclusory assertion." *Press-Enter. Co.*, 478 U.S. at 15.

The defendant has failed to meet his burden. The motion does not contain enough information for the court to determine whether there is a compelling government interest in sealing the documents, let alone whether the denial of public access is narrowly tailored to serve that interest. Additionally, there are less drastic alternatives to sealing, including redaction.

6

The court is cognizant that these documents contain sensitive information of which the defendant is likely not proud, and which he would prefer to keep secret. Nevertheless, the defendant undoubtedly submitted this information to influence the court's determination of a proper sentence. And the court did consider the information contained in these documents when constructing the defendant's sentence. The public has a right to know what information was contained in these documents in order to understand the sentencing process and determine whether the defendant was reasonably punished. *See United States v. Kravetz*, 706 F.3d 47, 57–58 (1st Cir. 2013). For these reasons, the defendant's Motion is **DENIED**.

### b. Local Rules of Criminal Procedure

Local Rule of Criminal Procedure 49.1.1(a) states:

> In compliance with the policy of the Judicial Conference of the United States, and the E-Government Act of 2002 and its amendments, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed, electronically or in paper, unless otherwise ordered by the court.
>
> (1) Social Security numbers. If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.
>
> (2) Names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

(3) Dates of birth. If an individual's date of birth must be included in a pleading, only the year should be used.

(4) Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.

> In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal or may file a reference list under seal. This document shall be retained by the court as part of the record. The court will require the party to file a redacted copy for the public file.
>
> The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading for compliance with this rule.

The documents before this court contain information that must be redacted under this rule. Therefore, the court will not direct the Clerk to unsealed these documents in their current form. Instead, the Court **ORDERS** that the defendant file an unsealed version of his sentencing memorandum and the exhibits attached thereto with redactions in compliance with Local Rule of Criminal Procedure 49.1.1(a).

## V.  Conclusion

The defendant's Motion to Seal is **DENIED** [ECF No. 63]. The court **DIRECTS** the Clerk to **not** unseal the Sentencing Memorandum and the exhibits attached thereto. The court **ORDERS** that the defendant file an unsealed version of his sentencing memorandum and the exhibits attached thereto, with redactions in compliance with Local Rule of Criminal Procedure 49.1.1(a).

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 13, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE